# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARCEL A. MORALES, | ) CASE NO. 5:17-cv-02629 |
| Petitioner, | ) |
| | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) |
| | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| LaSHANN EPPINGER, Warden, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

Petitioner, Marcel A. Morales (hereinafter "Petitioner" or "Morales"), challenges the constitutionality of his conviction in the case of *State v. Morales*, Summit County Court of Common Pleas Case No. CR-2004-09-3018. Petitioner, *pro se*, filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 18, 2017. (R. 1). On April 13, 2018, Warden LaShann Eppinger ("Respondent") filed a Motion to Dismiss the petition as time-barred. (R. 8). Petitioner filed his brief in opposition on May 11, 2018. (R. 9). This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that the habeas petition be DISMISSED as time-barred.

## I. State Procedural History

### A.  Conviction

On September 13, 2004, a Summit County Grand Jury issued a four count indictment charging Morales with one count of felonious assault in violation of Ohio Revised Code

("O.R.C.") § 2903.11(A)(2), one count of tampering with evidence in violation of O.R.C. § 2921.12(A)(1), one count of carrying a concealed weapon in violation of O.R.C. § 2923.12(A)(2), and one count of assault in violation of O.R.C. § 2903.13(A). (R. 8-1, Exh. 3, PageID#58-59). On September 21, 2004, a supplemental indictment charged Morales with one count of aggravated robbery in violation of O.R.C. § 2911.01(A)(1), one count of kidnapping in violation of O.R.C. § 2905.01(A)(2), three counts of attempted murder in violation of O.R.C. § 2903.02(B) & 2923.02, and three counts of felonious assault in violation of O.R.C. § 2903.11(A)(2). (R. 8-1, PageID# Exh. 2, PageID# 53-57). Each of the supplemental charges carried a firearm specification. *Id*. On October 13, 2004, a second supplemental indictment also charged Morales with one count of aggravated robbery in violation of O.R.C. § 2911.01(A)(1) with a firearm specification, three counts of burglary in violation of O.R.C. § 2911.12(A)(2), and three counts of breaking and entering in violation of O.R.C. § 2911.13(A). (R. 8-1, Exh. 1, PageID# 49-52). Initially, Morales, through counsel, pleaded not guilty.

On June 27, 2005, Morales withdrew his former not guilty plea and entered a negotiated guilty plea to four counts of felonious assault, two counts of aggravated robbery, one count of kidnapping, three counts of burglary and three counts of breaking and entering, including firearm specifications.[1] (R. 8-1, Exhs. 4 & 5, PageID# 64-68). The trial court accepted his guilty pleas. (R. 8-1, Exh. 5, PageID# 66). Morales was sentenced to an aggregate term of 24 years imprisonment. *Id*.

**B. Direct Appeal**

Petitioner did not file a direct appeal.

---

[1] The remaining charges and three of the firearm specifications were dismissed. (R. 8-1, Exh. 5, PageID# 66).

**C. Motion for Resentencing**

On January 3, 2011, Petitioner filed a motion arguing his sentence failed to properly impose post-release control. (R. 8-1, Exh. 7, PageID# 70). On February 20, 2011, Petitioner received an identical sentence except that the court specifically imposed the mandatory 5-year term of post release control. (R. 8-1, Exhs. 8 & 9, PageID# 75-80).

On January 10, 2013, two years later, Petitioner filed a delayed direct appeal from his resentencing arguing that he had not been served with the judgment until December 18, 2012. (R. 8-1, Exh. 10, PageID# 81-82). The state appellate court denied the appeal as untimely, and observed that the service provisions of Ohio App. R. 4(A) applied to civil appeals only. (R. 8-1, Exh. 11, PageID# 93). Morales filed a motion for reconsideration that was denied as also untimely. (R. 8-1, Exhs. 12 & 13, PageID# 94-102).

On March 14, 2013, Petitioner filed a notice of appeal with the Supreme Court of Ohio. (R. 8-1, Exh. 14, PageID# 103). Petitioner asserted one proposition of law:

> When a Defendant files a motion for resentencing in the context of a post release control error proceeding, the motion must still be reclassified by a trial court as a petition for post-conviction relief and the trial court must ignore the 180 day time limit prescribed in the statute. A trial court must follow this Court's holding in *Bush* and *Reynolds* because a trial court has inherent authority and power to vacate a void judgment or sentence which is codified in the plain language of O.R.C. § 2953.21's reference to the term "void."

(R. 8-1, Exh. 15, PageID# 105-112). On May 8, 2013, the Supreme Court of Ohio declined to accept jurisdiction of the appeal, pursuant to Ohio Sup. Ct. Prac. R. 7.08(B)(4). (R. 8-1, Exh. 16, PageID# 119).

**D. Post-Conviction Relief Proceedings**

On March 18, 2015, Morales filed a "Crim.R. 52(B) Motion to Notice Plain Error and Correct Manifest Miscarriage of Justice." (R. 8-1, Exh. 17, PageID# 120). Petitioner asserted that

3

plain error existed because the trial court failed to make the requisite findings before imposing consecutive sentences. *Id*. On March 30, 2015, the motion was denied by the trial court. (R. 8-1, Exh. 18, PageID# 165).

On April 20, 2015, Petitioner appealed the decision raising one assignment of error:

> The trial court abused its discretion in denying Appellant's Crim.R. 52(B) motion to notice plain error, when trial court's imposition of consecutive sanction does not comport with mandatory provisions of division (E)(4), renumbered to (C)(4) of Section 2929.14 of the Revised Code, affecting Appellant's substantial rights of due process of law, therefore, consecutive sanction is contrary to law and is also not authorized by law.

(R. 8-1, Exhs. 19 & 20, PageID# 166-186). On June 8, 2016, the state appellate court found Morales's motion to be untimely by over nine years. (R. 8-1, Exh. 23, PageID# 204-205). On June 20, 2016, Petitioner filed a motion for reconsideration, which was denied on January 26, 2017. (R. 8-1, Exhs. 24 & 25, PageID# 207-211).

On July 5, 2016, while the motion for reconsideration was pending, Morales filed an appeal with the Ohio Supreme Court setting forth three propositions of law in his memorandum in support of jurisdiction:

> I. Whether, in light of *Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E. 2d 522, did the Court of Appeals have the authority to Criminal Procedure, as a post-conviction relief petition, or was Appellant denied due process of law?
>
> II. Whether in this instance, does Section 5(B), Article IV, of the Ohio Constitution confer power upon the Court of Appeals, to prescribe rules of practice and procedure, to recast Ohio Rules of Criminal Procedure, as post-conviction relief petition.
>
> III. Whether a consecutively, imposed sentence, under former R.C. 2929.14(E)(4), is unconstitutional and severed, in *Foster*, by its terms, a void sanction?

(R. 8-1, Exhs. 26 & 27, PageID# 212-231).

On October 15, 2016, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. (R. 8-1, Exh. 28, PageID# 232).

On December 15, 2016, Morales filed a motion to correct post release control with the trial court alleging that the court improperly imposed post release control at his resentencing. (R. 8-1, Exh. 29, PageID# 233). On December 20, 2016, the trial court denied the motion. (R. 8-1, Exh. 31, PageID# 245).

On January 17, 2017, Morales filed a notice of appeal and asserted two assignments of error:

1. The trial court erred in denying Appellant's motion to correct post release control.

2. The consecutive sanctions of the sentences are contrary to law and must be vacated.

(R. 8-1, Exhs. 32 & 33, PageID# 246-279). On June 14, 2017, the state appellate court affirmed the judgment of the trial court. (R. 8-1, Exh. 36, PageID# 301-306).

On July 20, 2017, Morales filed an appeal with the Ohio Supreme Court asserting two propositions of law:

I. Whether Appellant' post release control is contrary to law and constitutional infirm?

II. Whether in this instance, did the trial court act without authority imposing consecutive sanction as to be rendered constitutional infirm?

(R. 8-1, Exhs. 37 & 38, PageID# 307-325).

On November 17, 2017, the Ohio Supreme Court declined to accept jurisdiction pursuant to Ohio S. Ct. Prac. R. 7.08(B)(4). (R. 8-1, Exh. 39, PageID# 326).

**E. Federal Habeas Petition**

Petitioner indicates that he placed his Petition in the prison mailing system on November

24, 2017. (R. 1, PageID# 15). The Petition for Writ of Habeas Corpus asserts the following grounds for relief:

> **Ground One**: Petitioner was deprived of his liberty without due process of law; state court never accepted his pleas of guilty nor found him guilty beyond a reasonable doubt.
>
> **Ground Two**: Petitioner is actually innocent of committing worst offenses and of being worst offender because his due process rights were violated.
>
> **Ground Three:** Petitioner's due process rights were violated because the state trial court failed to give notice regarding post release control for second degree felonies.

(R. 1, PageID# 5-8).

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); *Watkins v. Warden*, No. 17-1388, 2017 WL 4857576 at *1 (6th Cir. Sept. 28, 2017) ("Actions arising under § 2254 have a one-year statute of limitations.") The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A. One-Year Limitation**

In the instant action, Respondent asserts that the petition is time-barred, because Petitioner did not file within the one-year limitations period. (R. 8). As stated above, "the limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review *or* the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). In addition, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001), *cert. denied*, 534 U.S. 924 (2001) (citing cases).

Respondent asserts that Petitioner's conviction became final on March 24, 2011—thirty days after his February 22, 2011 resentencing—when the time to file an appeal expired.[2] (R. 8, PageID# 36). The court agrees. Pursuant to Ohio App. R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3

---

[2] To the extent the court were to construe March 2, 2011, as the starting date due to a *nunc pro tunc* order entered that date correcting a typographical error contained in the February 22, 2011 resentencing order, the eight additional days have no significant impact on the statute of limitations.

7

within 30 days of that entry." Absent any statutory tolling, Petitioner was required to file his habeas petition no later than March 23, 2012. Morales did not place his habeas petition in the prison mailing system until November 24, 2017—more than five years after the statute of limitations expired.

However, petitions filed more than one year after the conclusion of direct review are not always untimely. The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.'" *Evans v. Chavis*, 546 U.S. 189, 191, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (quoting 28 U.S.C. §2244(d)(2)); *Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). Although Morales filed a delayed direct appeal on January 10, 2013, and numerous other state court filings thereafter, none of them had any tolling effect as the one-year statute of limitations had already expired over nine months earlier on March 23, 2012. State post-conviction filings, even if timely, cannot serve to toll a statute of limitations that has already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted); *accord Eberle v. Warden, Mansfield Corr. Inst.*, 532 Fed. App'x 605, 609 (6th Cir. 2013) ("2244(d)(1)(A)'s one-year clock does not run anew after an Ohio appellate court denies a defendant's application to reopen his direct appeal due to ineffective assistance of appellate counsel.")

Therefore, the court concludes that the habeas petition is untimely. Petitioner does not assert that the factual predicate of his claim entitles him to a later start date. However, the court

will consider whether a state created impediment existed, whether he is entitled to equitable tolling, or whether the untimeliness of his petition should be waived due to the presence of new, reliable evidence of actual innocence.

**B. State Created Impediment**

Pursuant to 28 U.S.C. section 2244(d)(1)(B), a statute of limitations may commence later than the date a petitioner's conviction became final and "shall run from…(B) the date o which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *Id.* Cases applying § 2244(d)(1)(b) "have dealt almost entirely with the conduct of prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials." *Carter v. Klee*, 286 F. Supp. 3d 846, 851 (E.D. Mich. 2018) (*quoting Shannon v. Newland*, 410 F.3d 1083, 1087-1088 (9th Cir. 2005)); *see also Maclin v. Robinson*, 74 Fed. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library does not constitute a state impediment).

Morales makes no clear argument in this regard. He does, however, assert that he was a first-time offender who was unaware of his appellate rights. (R. 9-1, PageID# 354). Such an argument is more properly considered a plea for equitable tolling and will be considered below. In addition, Morales's state court motion for delayed appeal did assert that he was not served with the state court's February 22, 2011 resentencing order until December 18, 2012. (R. 8-1, Exh. 10, PageID# 81-82). Assuming for the sake of argument only that Morales's factual representation is accurate and that the state's purported failure to serve him with a copy of the resentencing order constituted a state created impediment, his petition remains untimely. Accepting Petitioner's rendition of events as true, the alleged state-created impediment was

removed on December 18, 2012. Even if the court considers the statute of limitations to have been statutorily tolled while his motion for delayed appeal remained pending, as well as during subsequent appeals of the denial of the delayed appeal, the Supreme Court of Ohio declined to accept jurisdiction of the appeal on May 8, 2013. (R. 8-1, Exh. 16, PageID# 119). Thus, the statute of limitations would have commenced no later than May 9, 2013, even under Petitioner's state-created impediment theory, and it would have expired on May 8, 2014. Petitioner's next state court filing was not made until March 8, 2015. Again, state court filings that post-date the expiration of the one-year statute of limitations have no tolling effect.

**C. Equitable Tolling**

The court finds that equitable tolling is not appropriate. "The federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.... Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000) (citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The Sixth Circuit has rejected the notion that ignorance of the law alone, including the lack of knowledge concerning filing requirements warrants equitable tolling. "[T]is court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (*quoting Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *accord Taylor v. Palmer*, 623 Fed. App'x 783, 788 (6th Cir. 2015). Furthermore,

not only has Petitioner failed to identify any extraordinary circumstance that stood in his way (other than the alleged failure to be served with a copy of the resentencing order addressed above), the Petitioner's actions, or more accurately inaction, cannot be construed as the diligent pursuit of his rights. Between May 9, 2013, and March 18, 2015—a span of 678 days—Morales took no action in state or federal courts. Therefore, equitable tolling would be inappropriate.

**D. Actual Innocence**

Morales's petition makes unsupported and vague assertions that he is "actual[ly] innocent of the worst offenses and of being the worst offender to impose consecutive sentences; I am actual[ly] innocent of the second degree felonies for which I was charged because the post-release control sanction was not impose[d] …." (R. 1, PageID# 13). In *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the United States Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Supreme Court noted that a claim of actual innocence is *not a request for equitable tolling* but, rather, a request for an equitable exception to section 2244(d)(1). *Id*. at 1931 (emphasis added). The *McQuiggin* court also reiterated the requisite standard for a credible claim of actual innocence. *Id*. at 1931. The touchstone of the inquiry is whether a petitioner's "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [him].'" *Id*. at 1933 (*quoting Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). However, "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 298.

In the instant case, Morales has not identified any new, reliable evidence demonstrative of actual innocence.

### III. Conclusion

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (R. 8) be GRANTED and that this matter be DISMISSED as time barred.

/s/ *David A. Ruiz*
U.S. MAGISTRATE JUDGE

Date: November 27, 2018

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**; *Thomas v. Arn*, **474 U.S. 140 (1985)**, *reh'g denied*, **474 U.S. 1111 (1986).**